TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division
MONICA E. TAIT (Cal. Bar No. 157311)
Assistant United States Attorney
Major Frauds  Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2931
     Facsimile: (213) 894-6296
     E-mail:    Monica.Tait@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                     UNITED STATES DISTRICT COURT

                 FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-CR-00863-DSF |
|---|---|
| Plaintiff, | GOVERNMENT'S UNOPPOSED *EX PARTE* APPLICATION FOR AN ORDER ALLOWING DISCLOSURE OF GRAND JURY TESTIMONY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF AUSA MONICA E. TAIT |
| v. | |
| LUCINDA JANE WEIST MANERA, | |
| Defendant. | Trial Date: July 14, 2026<br>Time:      8:30 a.m.<br>Place:     Courtroom of the Hon. Dale S. Fischer |

        Plaintiff, United States of America, by and through its counsel of record, the Acting Attorney General and the First Assistant United States Attorney, hereby applies ex parte for an order pursuant to Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure, authorizing the government to provide defendant's counsel of record with a copy of the grand jury testimony of a witness.

The government makes this application because of defendant's need to prepare her case and the materials potentially fall within the government's discovery obligations.  This application is based on the attached Memorandum of Points and Authorities and Declaration of Monica E. Tait, the files and records of this case, and such further evidence and argument as may be presented at any hearing on this application.

On May 26, 2026, I conferred by email with Rachel Nimoy, an attorney in the office of defense counsel James E. Blatt, and she advised me that Mr. Blatt does not oppose entry of the Proposed Order.  She cc'd Mr. Blatt on her response.

Respectfully submitted,

Dated: May 26, 2026

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

JENNIFER L. WAIER
Chief Assistant United States
Attorney & Chief, Criminal Division

/s/ Monica E. Tait

MONICA E. TAIT
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Federal Rule of Criminal Procedure 6(e)(2)(B) provides in relevant part: "Unless these rules provide otherwise, the following persons must not disclose a matter occurring before the grand jury: . . . . (vi) an attorney for the government . . . ."  Fed. R. Crim. 6(e)(2)(B).  Rule 6(e)(3)(E) provides in relevant part:  "The court may authorize disclosure -- at a time, in a manner, and subject to any other conditions that it directs -- of a grand-jury matter: [] preliminarily to or in connection with a judicial proceeding . . . ."  Fed. R. Crim. 6(e)(3)(E).

A trial court has "substantial discretion to order or deny release" of a grand jury transcript.  United States v. Evans & Associates Construction Co., 839 F.2d 656, 658 (9th Cir. 1988).  The starting point for the Court's analysis is the "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts."  Id. (citation omitted).  The Supreme Court has established five policy reasons for maintaining the secrecy of grand jury proceedings:

> (1) to prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; [and] (5) to protect [an] innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

United States v. Procter & Gamble Co., 356 U.S. 677, 681 n.6 (1958) (internal quotations omitted); see also United States v. Dynavac,

Inc., 6 F.3d 1407, 1411 (9th Cir. 1993) (citing Procter & Gamble and Douglas Oil Co. of Calif. v. Petrol Stops Nw., 441 U.S. 211, 219 (1979), for the same proposition).  In United States Indus., Inc. v. United States District Court, the Ninth Circuit reasoned that a determination of whether disclosure of grand jury material should be made under Rule 6(e) depends on the need of the party seeking disclosure and on the "policy considerations for grand jury secrecy as they apply to the request for disclosure under consideration." 345 F.2d 18, 21 (9th Cir. 1965).  The court held:  "[I]f the reasons for maintaining secrecy do not apply at all in a given situation, or apply to only an insignificant degree, the party seeking the disclosures should not be required to demonstrate a large compelling need."  Id.

Here, disclosure of the grand jury testimony to defense counsel, who has requested such disclosure, would be in the interest of justice in light of the government's discovery obligations, and allow defense counsel access to material which may be helpful to the defense in advance of trial.

For the foregoing reasons, the government respectfully requests that this Court issue an order authorizing the government to provide defense counsel with a copy of the grand jury testimony of a witness.

**DECLARATION OF MONICA E. TAIT**

I, Monica E. Tait, declare and state as follows:

1.    I am an Assistant United States Attorney for the Central District of California, and am assigned to the prosecution of United States v. Lucinda Manera, CR 25-00863 DSF.  I make this declaration in support of the government's ex parte application for an order permitting disclosure of a grand jury transcript.

2.    The government seeks to produce the transcript of a witness who testified before a grand jury as potentially falling within its discovery obligations.

3.    On May 20, 2026, I contacted James E. Blatt, counsel for defendant, by email, and informed him that the government would be filing the present ex parte application and asked for his position on the ex parte nature of the application.  I received an emailed response on May 26, 2026 from Rachel Nimoy, an attorney who works with Mr. Blatt on this matter, and she advised that Mr. Blatt does not oppose entry of the Proposed Order.  Ms. Nimoy cc'd Mr. Blatt on her response.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on May 26, 2026.

/s/ Monica E. Tait
MONICA E. TAIT