TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant U.S. Attorney and
Chief, Criminal Division
MONICA E. TAIT (Cal. Bar No. 157311)
Assistant United States Attorney
Major Frauds Section
      1100 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-2931
      Facsimile: (213) 894-6269
      E-mail:    Monica.Tait@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                   UNITED STATES DISTRICT COURT

              FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

                Plaintiff,

          v.

LUCINDA JANE WEIST MANERA,
  aka "Lucy Weist,"

                Defendant.

No. CR 2:25-00863-DSF

PLEA AGREEMENT FOR DEFENDANT
LUCINDA JANE WEIST MANERA

     1.    This constitutes the plea agreement between LUCINDA JANE
WEIST MANERA, ("defendant") and the United States Attorney's Office
for the Central District of California (the "USAO") in the above-
captioned case.  This agreement is limited to the USAO and cannot
bind any other federal, state, local, or foreign prosecuting,
enforcement, administrative, or regulatory authorities.

                      DEFENDANT'S OBLIGATIONS

     2.    Defendant agrees to:

a.    Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court appear and plead guilty to a single-count First Superseding Information in the form attached to this agreement as Exhibit A, or a substantially similar form, which charges defendant with being an Accessory After the Fact in violation of 18 U.S.C. § 3.

b.    Not contest facts agreed to in this agreement.

c.    Abide by all agreements regarding sentencing contained in this agreement.

d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.    Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

THE USAO'S OBLIGATIONS

3.    The USAO agrees to:

a.    Not contest facts agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    At the time of sentencing, move to dismiss the underlying information as against defendant.  Defendant agrees,

however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e.   Recommend a 1-level downward variance in offense level, provided that the final offense level calculated by the Court absent any variance is 16 or higher.  The parties also agree that the government may respond to a request by defendant for a sentence below the government's recommendation.

## NATURE OF THE OFFENSE

4.   Defendant understands that for defendant to be guilty of the crime charged in the First Superseding Information, that is, Accessory after the fact, in violation of Title 18, United States Code, Section 3, the following must be true: First, Bernhard Eugen Fritsch ("Fritsch") committed the crime of obstruction of justice, in violation of Title 18, United States Code, sections 1503(a), (b)(3); second, defendant knew that Fritsch had committed the crime of obstruction of justice; and third, the defendant assisted Fritsch with the specific purpose or design to hinder or prevent that person's apprehension, trial, or punishment.

5.   The elements of the crime of obstruction of justice in violation of Title 18, United States Code, section 1503(a) are:

3

First, a person influenced, obstructed, or impeded, or tried to influence, obstruct, or impede the due administration of justice; and second, that person acted corruptly, with the intent to obstruct justice.

PENALTIES

6.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 3, is 5 years' imprisonment (that is, one-half the 10-year maximum term of imprisonment and prescribed for the punishment of the principal); a 3-year term of supervised release; a fine of $125,000 or the amount of the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that she is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm

4

or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9. Defendant and her counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including her attorney or the Court, can predict to an absolute certainty the effect of her conviction on her immigration status. Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

10. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree

5

that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Defendant, who was at all relevant times also known as "Lucy Weist," and Fritsch were both residents of Los Angeles County, within the Central District of California. Defendant and Fritsch were in a romantic relationship.

On April 3, 2025, in the Central District of California, Fritsch was found guilty by a jury and convicted of one count of wire fraud in violation of Title 18, United States Code, Section 1343, in the matter United States v. Bernhard Eugen Fritsch, case number CR 17-520-DSF (the "Wire Fraud Prosecution"). Defendant was present in the courtroom when the guilty verdict was read in the Wire Fraud Prosecution. At the time of the guilty verdict, Fritsch was not in custody, but he was subject to conditions imposed by the Court in the Wire Fraud Prosecution, including the condition that he could not leave the United States without permission from that Court. Immediately after the verdict was read, the Court requested briefing from the parties regarding whether Fritsch should be placed in custody pending sentencing and indicated to Fritsch that he must not leave the jurisdiction.

As defendant then knew, a hearing relating to Fritsch's potential remand into custody would take place on June 2, 2025, and Fritsch was later to be sentenced in the Wire Fraud Prosecution.

Between on or about June 1 and June 2, 2025, Fritsch corruptly influenced, obstructed, and impeded the due administration of justice, in violation of 18 U.S.C. § 1503(a), as follows:  without obtaining permission from the Court in the Wire Fraud prosecution, Fritsch left the Central District of California by car and crossed the border to Mexico, intending to avoid being taken into custody at the June 2, 2025, hearing and serving any sentence of imprisonment the Court in the Wire Fraud Prosecution might impose against Fritsch.

Beginning on or about June 2, 2025 and continuing to on or about September 26, 2025, in Los Angeles County, within the Central District of California and elsewhere, defendant, knowing that Fritsch committed an offense against the United States, namely, obstruction of justice, in violation of Title 18, United States Code, Section 1503(a), relieved, comforted, and assisted the offender, Fritsch, with the specific purpose and design to hinder and prevent Fritsch's apprehension and punishment.  For example:

(a) On June 4, 2025, knowing that Fritsch had left the jurisdiction, that Special Agents of the Federal Bureau of Investigation ("FBI") had contacted her searching for Fritsch, and that an arrest warrant had been issued for Fritsch after he failed to appear at the June 2, 2025 hearing, defendant falsely told the FBI agents that the last time she spoke to Fritsch was June 1, 2025, and she was aware of only one telephone number for Fritsch, when, in truth and in fact, as defendant then well knew, defendant had spoken to Fritsch on June 3, 2025, and Fritsch had called her on June 3, 2025 from a different telephone number than the number she provided the FBI;

7

(b) Between approximately June 13, 2025 and September 12, 2025 defendant made at least 10 payments to H.Y. totaling approximately $7,475, knowing that Fritsch was hiding in Mexico at H.Y.'s home, and intending that H.Y. would continue to house Fritsch in Mexico as long as Fritsch wished to hide there to prevent his apprehension and punishment;

(c) On approximately September 24, 2025, defendant authorized a charge to her bank account of approximately $534.23 for Fritsch to stay at a hotel in Mexico; and

(e) On approximately September 26, 2025, knowing that Fritsch was German, had been contacted by Mexican authorities, and wanted to leave Mexico and travel to Germany, defendant searched the Internet on Fritsch's behalf for information on the subject "i'm in Mexico and need my german embassy to come get me."

Fritsch's offense level for wire fraud was 33. Fritsch's offense level for his own obstruction of the investigation or prosecution of his wire fraud is 27 (33 minus 6) pursuant to U.S.S.G. §§ 2J1.2(c)(1), 2X3.1(a)(1). Fritsch's obstruction of justice described above is the "underlying offense" for purposes of U.S.S.G. § 2X3.1(a)(1) and the calculation of defendant's offense level, and the "offense level for the underlying offense" for defendant is therefore 27.

SENTENCING FACTORS

11. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the

Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 21 | [U.S.S.G. §§ 2J1.2(c)(1) and 2X3.1(a)(1); the same as to Fritsch's underlying offense, plus U.S.S.G. §§ 2B1.1(a)(1), (b)(1)(L), (b)(2)(A)(i), (b)(10)(C), 3C1.1, 4C1.1] |
| Acceptance of Responsibility: | -3 | [U.S.S.G. § 3E1.1(a), (b)] |
| Zero-point offender[1]: | -2 | [U.S.S.G. § 4C1.1] |
| Total Offense Level: | 16 | |

13. The USAO will agree to a two-level downward adjustment for acceptance of responsibility (and, if applicable, move for an additional one-level downward adjustment under U.S.S.G. § 3E1.1(b)) only if the conditions set forth in paragraph 2 are met and if defendant has not committed, and refrains from committing, acts constituting obstruction of justice within the meaning of U.S.S.G. §

---

[1] Based on the information known to the parties on May 30, 2026, defendant is expected to qualify for the Zero-Point Offender adjustment set forth in USSG § 4C1.1. In the event that additional information comes to light prior to sentencing demonstrating that defendant has in fact sustained prior convictions rendering her ineligible, the parties agree that the government is free to recommend that this Court not include that adjustment in its calculation of defendant's offense level.

9

3C1.1, as discussed below.  Subject to paragraph 28 below, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the offense level be imposed.  Defendant agrees, however, that if, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section and to argue that defendant is not entitled to a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.

14.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

15.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

16.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.  The right to persist in a plea of not guilty.

b.  The right to a speedy and public trial by jury.

c.  The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be

represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e. The right to confront and cross-examine witnesses against defendant.

f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF APPEAL OF CONVICTION

17. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

11

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND</u>

<u>WAIVER OF COLLATERAL ATTACK</u>

18.  Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 24 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

19.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 18 months, the USAO gives up its right to appeal any portion of the sentence.

20.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

12

Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

### WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS

21. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing; (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

Defendant further agrees that this paragraph of the agreement is severable.  Thus, defendant's waivers are binding and effective even if, subsequent to defendant's signing this agreement, defendant declines to plead guilty, the Court declines to accept her guilty plea, or, if this agreement is of the type described in Federal Rule of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects this agreement.  Defendant also agrees that her waivers are binding and effective even if some other portion of this agreement is found to be invalid by this Court or the Ninth Circuit.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

22. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds

13

in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

### RESULT OF VACATUR, REVERSAL OR SET-ASIDE

23. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

### EFFECTIVE DATE OF AGREEMENT

24. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

### BREACH OF AGREEMENT

25. Defendant agrees that if defendant, at any time after the effective date of this agreement, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and

14

defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

26. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

27. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

28. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information

15

to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

29.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

30.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional

16

promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

31. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States
Attorney

/s/ _Monica E. Tait_                              6/7/2026

_____          _____
MONICA E. TAIT                    Date
Assistant United States Attorney

_____          06/03/2026
LUCINDA JANE WEIST MANERA          Date
Defendant

_____          6-4-2026
JAMES E. BLATT                    Date
Attorney for Defendant
LUCINDA JANE WEIST MANERA


CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or

17

at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____   06/03/2026
LUCINDA JANE WEIST MANERA                 Date
Defendant

<u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

I am LUCINDA JANE WEIST MANERA's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set

//

18

forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

JAMES E. BLATT
Attorney for Defendant
LUCINDA JANE WEIST MANERA

6-4-26
Date

19

# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>             v.<br><br>LUCINDA JANE WEIST MANERA,<br>  aka "Lucy Weist,"<br><br>             Defendant. | CR No. 2:25-00863(A)-DSF<br><br>F I R S T<br>S U P E R S E D I N G<br>I N F O R M A T I O N<br><br>[18 U.S.C. § 3: Accessory After<br>the Fact] |

The United States of America charges:

[18 U.S.C. § 3]

A.    INTRODUCTORY ALLEGATIONS

At times relevant to this First Superseding Information:

1.    Defendant LUCINDA JANE WEIST MANERA, also known as Lucy Weist, and Bernhard Eugen Fritsch ("Fritsch") were residents of Los Angeles County, within the Central District of California.

2.    On April 3, 2025, in the Central District of California, Fritsch was found guilty by a jury and convicted of one count of wire fraud in violation of Title 18, United States Code, Section 1343, in the matter United States v. Bernhard Eugen Fritsch, CR 17-520-DSF (the "Wire Fraud Prosecution").

3.    At the time of the jury verdict, Fritsch was not in custody but was subject to conditions imposed by the Court in the Wire Fraud Prosecution, including the condition that he could not leave the United States without permission from that Court.  Immediately after the verdict was read, the Court requested briefing from the parties regarding whether Fritsch should be detained pending sentencing.

4.    On April 16, 2025, the Court ordered that the hearing on the issue of whether Fritsch should be detained pending sentencing or whether his release conditions should be modified, would occur on June 2, 2025, and Fritsch's sentencing in the Wire Fraud Prosecution would occur on October 20, 2025.

5.    On May 29, 2025, Fritsch signed a declaration, which was filed with the Court in the Wire Fraud Prosecution.  Among other things, Fritsch stated, "I remain committed to appearing for sentencing as scheduled.  I am not fleeing.  I am not hiding.  I am not evading responsibility.  I am here."

B.    OBSTRUCTION OF JUSTICE BY FRITSCH

6.    Between on or about June 1 and June 2, 2025, Fritsch corruptly influenced, obstructed, and impeded the due administration of justice, in violation of 18 U.S.C. § 1503(a), as follows:  without obtaining permission from the Court in the Wire Fraud Prosecution, Fritsch left the Central District of California by car and crossed the border to Mexico, intending to avoid being taken into custody at the June 2, 2025, hearing and serving any sentence of imprisonment the Court in the Wire Fraud Prosecution might impose against Fritsch.

C.    ACCESSORY AFTER THE FACT

7.    Beginning on or about June 2, 2025 and continuing through at least on or about September 26, 2025, in Los Angeles County,

2

within the Central District of California and elsewhere, defendant MANERA, knowing that an offense against the United States had been committed, namely, Obstruction of Justice, in violation of Title 18, United States Code, Section 1503(a), relieved, comforted, and assisted the offender, Fritsch, in order to hinder and prevent Fritsch's apprehension, trial, and punishment.

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney


JENNIFER L. WAIER
Chief Assistant United States
Attorney & Chief, Criminal
Division

ROGER A. HSIEH
Assistant United States Attorney
Chief, Major Frauds Section

MONICA E. TAIT
Assistant United States Attorney
Major Frauds Section

3